IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY M. DAVIS, <br> SPN #1765571, <br><br> Plaintiff, <br><br> v. <br><br> DEMONTRAY WARD, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-13-1552 |

## **MEMORANDUM AND ORDER**

The plaintiff, Terry M. Davis (SPN # 1765571) a/k/a Terry Matthew Davis, is currently in custody at the Harris County Jail and has filed a prisoner civil rights complaint. He alleges that he has been subjected to "rat packing,"[1] threats, and extortion, resulting in "a motion of distress" (i.e. emotional) [Doc. # 1, p. 4]. He also complains that his outgoing mail has been opened and that his medical needs have been neglected. *Id.* at 2. Davis has filed a motion to proceed *in forma pauperis.* After reviewing all of the pleadings and Davis's litigation history, the Court dismisses this case for the reasons that follow.

Court records reflect that, while incarcerated, Davis has filed at least three civil rights complaints which have been dismissed as frivolous: (1) *Davis v. Rowell*, Civil No. H-12-3601 (S.D. Tex. Jan. 11, 2013); (2) *Davis v. SGT/LT of Classification*, Civil

---

[1] A form of gang assault ("gang bang") or intimidation.

No. H-13-0098 (S.D. Tex. Jan. 17, 2013); (3) *Davis v. Mrs. Martinez*, Civil No. H-12-3598 (S.D. Tex. Dec. 12, 2012). Because of this record, Davis has incurred three "strikes" for purposes of the "three strikes rule" established by the Prison Litigation Reform Act (the "PLRA"). 28 U.S.C. § 1915(g). *See also Davis v. Harris County Jail*, Civil No. H-13-1168 (S.D. Tex. Apr. 30, 2013) (dismissed – three strike rule).

Under the three-strikes rule, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Because Davis has three strikes against him, he may not proceed *in forma pauperis*, and his complaint is subject to dismissal, unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Davis's pleadings which focus on difficulties in negotiating with other inmates and present claims which have been previously dismissed in other prisoner civil rights actions, do not demonstrate such danger.

Although Davis implies that he has been the victim of an assault, his factual allegations reveal that the so-called assault consisted of a gang member taking food from Davis thinking he was "some soft guy" [Doc. # 1-1, p. 1]. The emotional

distress Davis may have experienced from having his food taken from him is not grounds for relief in a prison civil rights action. 42 U.S.C. § 1997e(e) (no damages for emotional distress); *Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of food is not actionable where no physical injury is shown). Davis cannot proceed as a pauper in this action because he alleges no facts which would indicate that he is in any immediate danger. *Choyce v. Dominguez*, 160 F.3d 1068, 1070-71 (5th Cir. 1998). Consequently, Davis's complaint is subject to immediate dismissal under 28 U.S.C. § 1915(g). *See Comeaux v. Cockrell*, 72 F.App'x 54 (5th Cir. 2003). In addition, his complaint that an inmate took food away from him is legally frivolous. *Berry v. Brady*, 192 F.3d at 507-08.

Davis also complains that a correctional officer named Hendry has opened his mail [Doc. # 1, p. 3]. He previously filed a complaint raising the same claim against the same official which was recently dismissed as frivolous. *Davis v. Hendry,* Civil No. H-12-3640 (S.D. Tex. Apr. 22, 2013), *appeal docketed, No.* 13-20244 (5th Cir. May 7, 2013). Davis also made the same allegation against another official which was also dismissed as frivolous. *Davis v. Rowell*, Civil No. H-12-3601. In addition, Davis's allegations that health care workers neglected to provide him with adequate medical care [Doc. # 1, p. 3] does not support an actionable claim under 42 U.S.C. § 1983. *Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008) ("negligent conduct

3

alone does not amount to deliberate indifference.") (citing *Hare v. City of Corinth, Miss*, 74 F.3d 633, 650 (5th Cir. 1996).

Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. #2] is **DENIED** pursuant to 28 U.S.C. § 1915(g).

2. This case is **DISMISSED** because the plaintiff is barred from filing a complaint without paying the fee in advance and because the claims are frivolous and malicious. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915(g).

3. **The Clerk will provide copies of this Memorandum and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas on June 11, 2013.

Nancy F. Atlas
United States District Judge